Green, J.
delivered the opinion of the court.
This is an application to open the bidding of a sale of lands which was made under an order of the chancery court. The facts are as follows: In the case of V. S. Stevenson et al. vs. W. L. Robards et cds. a decree was made for the sale of three tracts of land, for the payment of the debts in the decree mentioned. The conveyances for the three tracts described them as containing the number of acres following: one for 640 acres, one for 75, and one for 45 acres. The clerk and master advertised the land in the same way, as three tracts' of 640, 75, and 45 acres. The sale took place the 7th of September, 1850, and was made of each tract separately, and *279 was offered by the acre. The defendant Sloan became the purchaser of all the tracts, at the following prices: for the 640 acre tract he gave $3 40 per acre; for the 75 acre tract $5 00 per acre; for the 45 acre tract, $13 75 per acre. The petitioners were guarantors of two notes of $1725 each, for the payment of which there was a lien on the land, and the petitioners were parties to the suit in which the decree was made. .One of the petitioners was present at the sale. On the land being surveyed with a view to a final decree, it turned out that the 640 tract contained only 635 acres, 73 poles, the 75 acre tract only 70 acres, 44 poles, and the 45 acre tract only 15 acres and 65 poles. The whole sum produced by the sale is $2724 25; whereas, if there had been no deficiency the sum of $3189 85J would have been produced.
It appears that the three tracts are adjoining each other, and lie in a body, so that they might be regarded as only one tract. It further appears that there were valuable improvements on the tract sold as a 45 acre tract. The petitioners insist that the mistake in the true number of acres caused them to permit the lands to be sold at prices below that for which they would have sold, if the number of acres in each tract had been known. They thought the lands were sold for the gross sum of $3189 854 ; for which sum they were content to let them go, but on account of said mistake, the sale realized $465 less than it was supposed the bids would amount to. They pray that the sale be set aside, and that the bid-dings be opened, and they offer to bid their whole debt, $3450, interest and costs.
The defendant insists that the sale was made by the acre; that it was fair, that he has complied with its terms, and that he is entitled to have it confirmed. The court decreed that the sale be set aside, and the biddings re-opened, and that the petitioners’ offer be accepted, and that they be substituted *280 as purchasers. .From this decree the defendant Sloan appealed to this court.
1. It is insisted for the appellant that the English rule of opening biddings, upon an offer of an advance bid, is not the law in this country, but that some ground affecting the validity of the sale should be shown, otherwise the purchaser is entitled to the benefit of the bid. In 4 Kent’s Comm. 192, it is said, the English practice of opening biddings does not prevail to a great extent in this country. There, the sale has the attributes of a private sale. The master gives notice, receives the bids, and reports the highest bidder; and if his report be confirmed, the title is examined and the conveyance prepared; the whole proceeding is in fieri, until the final settlement of the title. But, it is said, “with us, the sale at public auction is ordinarily a valid and binding contract, as soon as the hammer is down. The master sells at public auction, on due notice, and the purchaser becomes entitled to a deed, unless there be fraud, mistake, or some occurrence, or some special circumstances affording as in other cases, a proper ground for equitable relief.”
Although it is true, we have not regarded it as a matter of course, on an offer of an advanced bid, to set aside the sale and open the biddings, yet we do not hold that there is a sale until the confirmation of the master’s report. Henderson vs. Lowry, 5 Yerg. R. 244; Lowry vs. McGee, 8 Yerg. R.; 4 Hum. R. 372. The purchaser is entitled to a deed unless there be some special circumstances proper for relief. But we do not concur with Chancellor Kent, that the circumstances must be such as in other cases would afford a proper ground for equitable relief. We hold that the Chancellor may properly interfere, and open the biddings, in cases where according to established principles a private sale would not be set aside. In the case of Owen vs. Owen, 5 Hum. 335, the authority from Kent’s Commentaries was pressed upon the court, and it was *281 contended “that the Chancellor had no power to set aside the sale except upon grounds that would authorize a court of chancery to set aside a private sale.” But the court held, that “this proposition in its whole extent cannot be maintained. For although it is not a matter of course to open biddings upon the application of a party, and the offer of a large sum, yet it is the duty of the Chancellor to see that sales under his order be fairly conducted, and under such circumstances, as to ensure the best price for the property to be sold.”
The principle stated in that case we think correct, and therefore each case must depend upon its own circumstances. We do not think that it is for the interest of parties that the sale of the master should be set aside, for slight causes. Such a practice would tend to deter bidders, as they would have no reliance that they were to get the property which might be struck off to them. There should, therefore, in every case, where such sale is set aside, be special circumstances rendering it inequitable to confirm the sale. In the case before us we think there are such circumstances.
In the tract of land advertised as a forty-five acre tract, it turns out that there was only one-third of that quantity. This tract has on it valuable improvements. Now we all know that when a small lot of ground, with valuable improvements on it, is sold, the purchaser, in estimating the price per acre will take into consideration the value of the improvements, and will give such a price per acre as will amount, in view of the quantity of acres, to the gross sum he is willing to give for the land. Of course, then, if there be but fifteen acres, he will give a much greater price per acre than he would be willing to give upon the supposition that there were forty-five acres. Thus in the case before us, all parties thought that the small tract contained forty-five acres. The complainants and defendant to the bill, and the clerk and master, were alike
laboring under that mistake. The defendant, too, when he *282 came to bid, doubtless supposed the same thing, and believed, when he made his bid of $13. 75 per acre, he was proposing to give $618 75 for the tract; whereas in truth he was giving only one-third of that sum.
Now, so far as this tract is concerned, it seems to us inequitable that Mr. Sloan should derive such an advantage from a mistake of all parties. Indeed, if it were a private sale, where the vendor and vendee contracted under a mutual mistake of this kind, we think the sale ought not to stand.
Where larger tracts of land are sold by the acre, the principle would not apply. In such cases, the parties price the land per acre in reference to the intrinsic value of the land, and not in reference to the value of a house which may be on it. But in small tracts, like this, the house may constitute the chief value of the place. It must, therefore, mainly form the consideration for the estimated price per acre. As to the 640 and the 75 acre tract, the deficiency was inconsiderable, and on that ground there would be no reason for setting aside the sale as to them. Besides, they were sold by the acre, and the bid per acre, as to those tracts, could not have been influenced in any degree, by the existence or non-existence of the precise number of acres which the tracts were estimated to contain.
We think, therefore, the sale must be set aside; but as the whole matter was fairly conducted, and the petitioners were present, and did not choose to bid more than they supposed Mr. Sloan’s bids would produce, we think he should not, for their benefit, be deprived of his purchase, if he shall choose to complete it at the sum of $3189 85.
Affirm the decree with the above modification.